UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMAR JOHNSON,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>THE CITY OF NEW YORK; DENTIST JOHN DOE,<br><br>                              Defendants. | 22 Civ. 6127 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that when he was detained at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, a John Doe dentist provided inadequate medical care. Plaintiff sues the dentist and the City of New York. By order dated September 6, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Dkt. #7).

As set forth below, the Court directs the New York City Law Department to provide the Court and Plaintiff with the name of the John Doe dentist, so that he may be served with the summons and complaint. The Court also directs the Clerk of Court to prepare the necessary paperwork for service on the City of New York.

## DISCUSSION

**A.    *Valentin* Order for John Doe Defendant**

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In

the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction ("DOC") to identify the John Doe dentist who in 2020 performed an extraction of Plaintiff's tooth at the OBCC.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.  The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the Court will direct the Clerk of Court to (i) add the newly named defendant to the caption of the complaint, (ii) terminate the John Doe defendant as a party, and (iii) complete the USM-285 forms with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

**B.   Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1]   Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant City of New York.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

The Clerk of Court is further instructed to issue a summons for the City of New York, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff at the address provided on the docket.

SO ORDERED.

Dated: September 13, 2022
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

City of New York
New York City Law Department
100 Church Street
New York, NY 10007