UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAR JOHNSON,

                          Plaintiff,

              -v.-

RENRICK BENN, D.D.S.,

                          Defendants.

22 Civ. 6127 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On March 7, 2023, Plaintiff filed an application and accompanying declaration requesting pro bono counsel.  (Dkt. #33-34).  For the reasons discussed below, Plaintiff's application for appointment of pro bono counsel is DENIED without prejudice and with leave to renew if circumstances warrant such an application at that time.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel.  Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'"  *Cooper* v. *A. Sargenti Co., Inc.,* 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins* v. *Chemical Bank,* 721 F.2d 876, 879 (2d Cir. 1983)).  The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's

> ability to present the case, the complexity of the legal
> issues and any special reason in that case why
> appointment of counsel would be more likely to lead to
> a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).  The Second Circuit

also held that these factors are not restrictive and that "[e]ach case must be

decided on its own facts."  *Id.* at 61.

The Court has reviewed the Second Amended Complaint (Dkt. #35),

which includes changes discussed during the parties' February 17, 2023

conference (*see* February 17, 2023 Minute Entry), and Plaintiff's application for

appointment of pro bono counsel — namely, a "medical specialist lawyer" (Dkt.

#33) — and accompanying papers, including Plaintiff's anticipated need for

expert testimony (Dkt. #34), and finds that the appointment of pro bono

counsel is not warranted at this stage of the litigation.  The Court is unable to

conclude, at this juncture in the litigation and after considering the above-

referenced *Hodge* factors in the context of the Plaintiff's Second Amended

Complaint, that the appointment of pro bono counsel is warranted.

Accordingly, the application for appointment of counsel is denied without

prejudice and with leave to renew after dispositive motion practice or when this

case is ready for trial if circumstances warrant such an application at that

time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore IFP status is denied

for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record, and to terminate the pending motion at docket number 33.

SO ORDERED.

Dated:    March 8, 2023
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge