UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAR JOHNSON,

                              Plaintiff,

                    -against-

RENRICK BENN,

                              Defendant.

22-CV-6127 (JGLC)

**ORDER REQUESTING**
***PRO BONO* COUNSEL**

JESSICA G. L. CLARKE, United States District Judge:

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone

unable to afford counsel. Plaintiff previously made a request for *pro bono* counsel, which the

Court denied "without prejudice and with leave to renew after dispositive motion practice . . . if

circumstances warrant such an application at that time." ECF No. 36 at 2.

In determining whether to grant an application for counsel, the Court should first consider

whether the plaintiff's position "seems likely to be of substance." *Hodge v. Police Officers*, 802

F.2d 58, 61 (2d Cir. 1986). The Court should then consider the plaintiff's ability to obtain

representation independently; the plaintiff's ability to investigate the crucial facts; whether

conflicting evidence implicating the need for cross-examination will be the major proof

presented to the fact-finder; the plaintiff's ability to present the case; the complexity of the legal

issues; and any special reason in the case why appointment of counsel would be more likely to

lead to a just determination. *Id*. at 61–62; *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.

1989). Having denied Defendant's motion to dismiss, and considering the factors set forth in

*Hodge* and *Cooper*, the Court now finds it appropriate to appoint *pro bono* counsel to represent

Plaintiff for the purposes of discovery. Plaintiff has declared, *inter alia*, that this is a complex

case involving medical issues that require expert testimony, Plaintiff wrote to several law firms

seeking a lawyer to no avail and Plaintiff is incarcerated. ECF No. 34. Plaintiff has not filed a

new motion for the appointment of counsel, but the Court grants Plaintiff *pro bono* counsel *sua*

*sponte. See Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 200 (2d Cir. 2010).

The Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff

for the purposes of discovery. The Court advises Plaintiff that there are no funds to retain counsel

in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a

lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney

volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a

volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with

the case without an attorney. The Office of Pro Se Litigation is respectfully requested to provide

the Court with an update by February 16, 2024, as to whether an attorney is willing to represent

Mr. Johnson.

Dated:  January 30, 2024
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge